IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>STATE OF COLORADO,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF TENNESSEE, and<br>COMMONWEALTH OF VIRGINIA,<br><br>Plaintiffs,<br><br>vs.<br><br>PULTE HOMES, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:08cv602<br>JCC/TRJ |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.    DEFINITIONS ..........................................................................................................2

    1.    Definitions ......................................................................................................2

II.   JURISDICTION AND VENUE............................................................................10

III.  APPLICABILITY ..................................................................................................11

    4.    Parties Bound.................................................................................................11

    5.    Responsibility for Acts of Others ................................................................11

IV.   BUILDER'S COMPLIANCE PROGRAM ............................................................12

    7.    Compliance....................................................................................................12

    8.    Designation of Storm Water Compliance Representatives ............................12

    9.    Notice to EPA of List of Projects and Sites.................................................16

    10.   Permits ..........................................................................................................18

    11.   Storm Water Pollution Prevention Plans and Records .................................18

    12.   Storm Water Pre-Construction Review ........................................................20

    13.   Inspections ....................................................................................................22

    14.   Maintenance..................................................................................................22

    15.   Site Storm Water Compliance Review and Oversight ..................................23

    16.   Quarterly Division Wide Report...................................................................24

    17.   National Compliance Summary Report.........................................................25

    18.   Storm Water Training Program .....................................................................26

    19.   Storm Water Orientation Program.................................................................29

    20.   Contractor and Storm Water Consultant Compliance ...................................29

    21.   Corporate Acquisition...................................................................................31

22.   Submission of Records ............................................................................31

V.   CIVIL PENALTY ......................................................................................32

VI.   SUPPLEMENTAL ENVIRONMENTAL PROJECT...............................35

VII.   REPORTING REQUIREMENTS...............................................................40

VIII.   STIPULATED PENALTIES........................................................................40

42.   Stipulated Penalty Amounts for Reported Violations ......................40

43.   Stipulated Penalty Amounts for Non-Self-Reported Violations ......43

44.   Stipulated Penalty Amounts for Non-Compliance with SEP Requirements...47

45.   Payment of Stipulated Penalties .....................................................48

IX.   FORCE MAJEURE.....................................................................................54

X.   DISPUTE RESOLUTION............................................................................56

58.   Dispute Resolution ..........................................................................57

59.   Judicial Resolution ..........................................................................58

XI.   INFORMATION COLLECTION AND RETENTION ...............................58

XII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS .....................60

69.   Federal Plaintiff...............................................................................60

70.   State Plaintiffs..................................................................................60

71.   Plaintiffs' Reservation of Rights......................................................61

72.   Builder's Reservation of Rights .......................................................61

73.   Not a Permit Modification................................................................61

74.   Third Parties ....................................................................................62

75.   No Admission....................................................................................62

XIII.   COSTS.........................................................................................................62

XIV.   NOTICES ...................................................................................................62

XV.    EFFECTIVE DATE ......................................................................................65

XVI.   RETENTION OF JURISDICTION...............................................................65

XVII.  MODIFICATION...........................................................................................66

XVIII. TERMINATION ............................................................................................67

XIX.   PUBLIC PARTICIPATION............................................................................71

XX.    SIGNATORIES/SERVICE ...........................................................................71

XXI.   INTEGRATION ............................................................................................71

XXII.  APPENDICES ...............................................................................................72

XXIII. FINAL JUDGMENT......................................................................................73

Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Pulte Homes, Inc. has violated the Clean Water Act, 33 U.S.C. §§ 1251-1387, and the regulations promulgated pursuant to that statute, including the conditions and limitations of the Federal General Permit, and the Colorado CDPS General Permit for Stormwater Discharges Associated with Construction Activity, the Maryland General Permit for Construction Activity, the Nevada Stormwater General Permit, the Tennessee General NPDES Permit for Discharges of Storm Water Associated with Construction Activities, and the Virginia General Permit for Discharges of Stormwater from Construction Activities;

Whereas, the State of Colorado, the State of Maryland, the State of Nevada, the State of Tennessee, and the Commonwealth of Virginia are co-Plaintiffs and have joined in the filing of the Complaint in this matter alleging that Pulte Homes, Inc. has violated State clean water laws, including the following, respectively: the Colorado Water Quality Control Act, the Maryland Water Pollution Control Act, the Nevada Water Pollution Act, the Tennessee Water Quality Control Act, and the Virginia Stormwater Management Act, and the regulations promulgated pursuant to those statutes including, respectively, the terms and conditions of the Colorado CDPS General Permit for Stormwater Discharges Associated with Construction Activity, the Maryland General Permit for Construction Activity, the Nevada Stormwater General Permit, the Tennessee General NPDES Permit for Discharges of Storm Water Associated with Construction Activities, and the Virginia General Permit for Discharges of Stormwater from Construction Activities;

1

Whereas, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    DEFINITIONS

1.    <u>Definitions</u>. Except as specifically provided in this Consent Decree the terms used in this Decree shall be defined in accordance with definitions in the Clean Water Act and the regulations promulgated pursuant to the Clean Water Act. Whenever the terms listed below are used in this Decree, the following definitions apply:

a.    Action Item – a condition that requires action to be taken to achieve or maintain compliance with Storm Water Requirements.

b.    Applicable Permit – whichever of the following permits is applicable to a particular Site: (i) the Federal General Permit for Storm Water Discharges from Construction Activities; or (ii) in the case of an Authorized State, the Authorized State's National Pollutant Discharge Elimination System ("NPDES") construction general permit; or (iii) an individual NPDES permit issued by EPA or an Authorized State for storm water discharges associated with construction. This term applies to that permit in its current form or as it may be amended in the future.

2

c.      Authorized State – a state with an NPDES Program that has been authorized by EPA under Section 402(b) of the Clean Water Act, 33 U.S.C. § 1342(b), and 40 C.F.R. Part 123 to issue individual or general NPDES permits including those for storm water discharges associated with construction activity.

d.      Best Management Practices (or "BMPs") – the definition in 40 C.F.R. § 122.2, in its current form or as it may be amended in the future. That definition currently is "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the pollution of 'waters of the United States.' BMPs also include treatment requirements, operating procedures, and practices to control plant site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage."

e.      Builder – Pulte Homes, Inc. (or "Pulte"), and its wholly-owned subsidiaries that own or operate Projects or Sites. For purposes of this definition, "wholly-owned subsidiaries" includes entities where Pulte owns a majority interest in the entity and an entity having a common parent with Pulte owns the remaining interest. Pulte does not include any subsidiary that does not engage in any residential construction.

f.      Business Day – any day other than a Saturday, Sunday, or State or Federal legal holiday. If a stated time period in the Decree expires on a Saturday, Sunday, or State or Federal legal holiday, it shall be extended to include the next Business Day.

3

g.    Clean Water Act (or "CWA") – the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251-1387.

h.    Complaint – shall mean the complaint filed by the United States and the State of Colorado, the State of Maryland, the State of Nevada, the State of Tennessee, and the Commonwealth of Virginia in this action.

i.    Consent Decree or Decree – shall mean this Decree and all Appendices attached hereto (listed in Section XXII).

j.    Contractor – any contractor (other than a Storm Water Consultant, a utility company or its contractor, or a contractor hired at the behest of a governmental entity or a utility company) that has a contract with Builder to perform work on a Site.

k.    Contractor Representative – a person with the authority and responsibilities described in Paragraph 20.c.

l.    Date of Entry – the date the Court-approved Decree is entered in the civil docket under Federal Rule of Civil Procedure 79(a).

m.    Designee – a Builder employee who is Storm Water Trained, pursuant to Paragraph 18 (Storm Water Training Program), or a "Storm Water Consultant" as that term is defined in Paragraph 1.ss.

n.    Division – Builder's mid-level management unit (the management level between national management and Site-level management) that manages multiple Sites and Projects. Builder may modify its divisional structure to meet its business needs.

4

o.    Division Compliance Executive (or "DCE") – a Builder employee designated pursuant to Paragraph 8 (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities for a Division (or for a comparable business unit if Builder or Division renames or reorganizes its internal structure).

p.    Division Wide Report – a report in the form attached at Appendix F and as required by Paragraph 16 (Quarterly Division Wide Report).

q.    EPA – the U.S. Environmental Protection Agency.

r.    Federal Plaintiff – the United States of America, acting on behalf of EPA.

s.    Federal General Permit – the federal "NPDES General Permit for Storm Water Discharges from Construction Activities" issued by EPA on July 1, 2003 (68 Fed. Reg. 39087), as modified and amended, and any subsequent amendments or modifications thereto or other permits subsequently issued by EPA to implement the requirements of 40 C.F.R. Parts 122, 123 and 124 for storm water discharges from construction activities.

t.    · Government Enforcement Action – a state or federal enforcement action in written form including, but not limited to, an administrative order, notice of violation, notice to correct, notice to comply, stop work order, injunction or judicial action taken at a Site to address Storm Water Requirements. This definition also includes local enforcement actions to enforce an Applicable Permit by a local government entity that has been delegated inspection or enforcement authorities for that permit.

5

u.    Government Inspection – a state or federal inspection conducted to evaluate compliance with Storm Water Requirements. This term also includes local inspections conducted by a local government entity to enforce an Applicable Permit if that entity has been delegated inspection or enforcement authorities for that permit.

v.    List of Projects and Sites – a list of Projects and Sites as required by Paragraph 9 (Notice to EPA of List of Projects and Sites).

w.    Listed Contractor – any Contractor in a category identified in Appendix K.

x.    National Compliance Summary Report – a report in the form attached at Appendix G and as required by Paragraph 17 (National Compliance Summary Report).

y.    National Reporting Period – the time periods covered by the National Compliance Summary Report shown on the table set out in Paragraph 17.

z.    National Storm Water Compliance Representative – a Builder employee designated pursuant to Paragraph 8 (Designation of Storm Water Compliance Representatives).

aa.    Notice of Intent (or "NOI") – a request for coverage under an Applicable Permit.

bb.    Notice of Termination (or "NOT") – notification that coverage under an Applicable Permit is ready for termination.

6

cc.    Paragraph – shall mean a portion of this Decree identified by an Arabic numeral.

dd.    Parties – the Federal Plaintiff, the State Plaintiffs, and Builder.

ee.    Project – any area where Builder engages in construction activity that includes residences, or other construction associated with those residences, and where coverage under an Applicable Permit is not required.  Non-contiguous areas that are not part of a common plan of development are not considered part of a Project.

ff.    Quarterly Division Site Inspection – an inspection of a Site, as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

gg.    Quarterly Division Site Inspection Report (or "Division SIR") – the form attached at Appendix D and as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

hh.    Quarterly Division Site Report (or "DSR") – the form attached at Appendix E and as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight).

ii.    Quarterly Reporting Period (or "QRP") – the first Quarterly Reporting Period shall be from the Date of Entry until the end of the first three (3) full calendar months following the Date of Entry.  Thereafter, the Quarterly Reporting Period shall be each successive period of three (3) calendar months. The last day of the last Quarterly Reporting Period will be three (3) years after the Date of Entry, even if this results in a Quarterly Reporting Period that is less than three (3) full calendar months.

7

jj.    Record – any record, report, document, or photograph required to be created or maintained pursuant to Storm Water Requirements.

kk.    Responsive Action – an action taken or that is necessary to be taken to achieve or maintain compliance with Storm Water Requirements.

ll.    Section – shall mean a portion of this Decree identified by a Roman numeral.

mm.    Site – any area where Builder engages in construction activity that includes residences, or other construction associated with those residences, and where coverage under an Applicable Permit is required. Builder may treat non-contiguous areas that are part of a common plan of development as a single Site.

nn.    Site Inspection – an inspection of a Site, as required by Paragraph 13 (Inspections).

oo.    Site Inspection Report (or "SIR") – a form attached at Appendix D and as required by Paragraph 13 (Inspections).

pp.    Site Storm Water Representative (or "SSWR") – a Builder employee designated pursuant to Paragraph 8 (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities at a Site.

qq.    State Plaintiffs – the State of Colorado, the State of Maryland, the State of Nevada, the State of Tennessee, and the Commonwealth of Virginia.

rr.    Storm Water Compliance Representatives – Site Storm Water Representatives, Division Compliance Executives and the National Storm Water Compliance Representative.

8

ss.     Storm Water Consultant – a person or company who provides professional or expert assistance to Builder in complying with Storm Water Requirements. Each person who is a Storm Water Consultant shall: (i) possess the skills to assess conditions at a Site that could impact the quality of storm water and non-storm water discharges and compliance with Storm Water Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control and other Best Management Practices. The term "Storm Water Consultant" does not include, for example, Contractors hired exclusively to install, maintain, or repair Best Management Practices. Such Contractors are not Designees.

tt.     Storm Water Consultant Representative – a person with the authority and responsibilities described in Paragraph 20.c.

uu.     Storm Water Orientation Program – this term includes all of the orientation requirements set forth in Paragraphs 19 and 20 (Storm Water Orientation Program and Contractor and Storm Water Consultant Compliance).

vv.     Storm Water Pre-Construction Review  – the inspection and review required by Paragraph 12 (Storm Water Pre-Construction Review).

ww.     Storm Water Pre-Construction Review Form (or "SPR") – the form attached at Appendix C and as required by Paragraph 12 (Storm Water Pre-Construction Review).

xx.     Storm Water Pollution Prevention Plan (or "SWPPP") – a plan for controlling pollutants in storm water and non-storm water discharges that meets Storm Water Requirements.

9

yy.    Storm Water Requirements – the terms and conditions of this Decree and the Applicable Permit for the particular Site, and the laws and regulations that apply, interpret, or enforce the Applicable Permit, in their current form or as any of the foregoing requirements may be amended in the future.

zz.    Storm Water Trained – an individual who: (i) is certified under the Storm Water Training Program pursuant to Paragraph 18.a.(ii) and (iii); or (ii) is certified by CPESC, Inc. under the Certified Professional in Erosion and Sediment Control ("CPESC") program, maintains a current CPESC certification, and receives the Builder-specific orientation described in Paragraph 19 (Storm Water Orientation Program); or (iii) is certified under another training program agreed to by the Federal Plaintiff after a request made to the Office of Enforcement and Compliance Assurance ("OECA") representative(s) listed in Section XIV (Notices).

aaa.    Storm Water Training Program – this term includes all of the training required by Paragraph 18 (Storm Water Training Program).

bbb.    United States – shall mean the United States of America, acting on behalf of EPA.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b) and over the Parties.  For purposes of this Decree, or any action to enforce this Decree, Builder consents to the Court's jurisdiction over Builder, this Decree, and any action to enforce this Decree.  Builder also consents to venue in this

10

judicial district for this action and any action to enforce this Decree.

3.     In accordance with Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), the United States has notified the States of Arizona, California, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Maryland, Michigan, Minnesota, Missouri, New Hampshire, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Rhode Island, South Carolina, Tennessee, and Texas, and the District of Columbia and the Commonwealths of Massachusetts, Pennsylvania and Virginia of the commencement of this action.

## III.    APPLICABILITY

4.     Parties Bound.  The obligations of this Decree apply to and are binding upon the United States and the State Plaintiffs, and upon Builder and any successor or assign to all or substantially all of its business (but only to the extent of the Projects and Sites acquired).  This Decree shall not be binding on any purchaser of real property who is not an entity otherwise covered by this Decree.

5.     Responsibility for Acts of Others.  Builder shall be responsible for complying with Storm Water Requirements at Builder's Sites.  In any action to enforce this Decree, Builder shall not assert as a defense the failure by any officer, director, trustee, servant, successor, assign, employee, agent, Contractor, sub-contractor or Storm Water Consultant to comply with Paragraphs 8 through 22 of this Decree.

6.     Builder shall not alter its general corporate structure or enter into agreements with third parties for the primary purpose of directly or indirectly circumventing the requirements of this Consent Decree.

11

## IV.    BUILDER'S COMPLIANCE PROGRAM

7.    Compliance.  Builder shall comply with all applicable Storm Water Requirements at Builder's Sites and shall not violate the prohibition in Section 301(a) of the Clean Water Act by discharging pollutants in storm water without an Applicable Permit, or by making prohibited non-storm water discharges, to waters of the United States at any of Builder's Sites or Projects.

8.    Designation of Storm Water Compliance Representatives.

a.    Builder shall designate at least one Site Storm Water Representative for each Site prior to signing the Storm Water Pre-Construction Review Form for that Site or not later than sixty (60) days after the Date of Entry, whichever is later.  If Builder designates more than one Site Storm Water Representative at a Site, Builder shall create a document ("Transition Document") that specifies how transitions between Site Storm Water Representatives shall be handled and how responsibility for non-delegated duties will be coordinated.  This document shall be located as provided by Paragraph 11.h.  Each Site Storm Water Representative shall:

(i)    be a Builder employee;

(ii)    be Storm Water Trained;

(iii)    be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements at the Site, including work performed by Contractors, sub-contractors and Storm Water Consultants;

(iv)    be authorized by Builder and have the responsibility to

12

order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements;

(v)     be familiar with and have the authority and responsibility to update the Site's Storm Water Pollution Prevention Plan;

(vi)     be the point of contact at the Site for regulatory officials, Builder employees, Contractors, sub-contractors and Storm Water Consultants regarding Storm Water Requirements; and

(vii)     report to the Division Compliance Executive regarding compliance with Storm Water Requirements.

b.     Builder shall designate one Division Compliance Executive (who must be Storm Water Trained not later than sixty (60) days after the Date of Entry) for each Site prior to signing the Storm Water Pre-Construction Review Form for that Site or not later than thirty (30) days after the Date of Entry, whichever is later. Builder may designate the same Division Compliance Executive for more than one Site or Division or designate multiple such Executives for a single Division. The Division Compliance Executive shall:

(i)     be a Builder employee;

(ii)     be Storm Water Trained;

13

(iii)   be authorized by Builder and have the responsibility to supervise all work necessary to meet Storm Water Requirements in the Division including work performed by Contractors, sub-contractors and Storm Water Consultants;

(iv)   be authorized by Builder to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements; and

(v)   be familiar with and have the authority to certify and amend Storm Water Pollution Prevention Plans.

c.   Builder shall designate one National Storm Water Compliance Representative not later than seven (7) days after the Date of Entry of this Decree. The National Storm Water Compliance Representative shall:

(i)   be a Builder employee;

(ii)   be Storm Water Trained not later than thirty (30) days after the Date of Entry;

(iii)   oversee the development and maintenance of the List of Projects and Sites established pursuant to Paragraph 9 (Notice to EPA of List of Projects and Sites);

(iv)   submit the National Compliance Summary Report to the Federal Plaintiff, and submit to each of the State Plaintiffs the National

14

Compliance Summary Report or the portion of the report that is relevant to the respective State pursuant to Paragraph 17 (National Compliance Summary Report); and

(v)    serve as Builder's point of contact for State and Federal Plaintiffs for Builder-wide compliance matters related to Storm Water Requirements.

d.    If a Storm Water Compliance Representative must be replaced and Builder replaces him or her within thirty (30) days of the vacancy, the gap in designation shall not be deemed a violation of Paragraph 8.a., b., c. or g. of this Decree. However, the gap in designation shall not excuse non-compliance with any other Storm Water Requirement. During the gap a Storm Water Trained Builder employee shall fulfill the signature requirements of Paragraphs 13.b., 15.c. and 16.

e.    Except as expressly provided in the Decree, Storm Water Compliance Representatives may delegate the performance of storm water compliance duties required under this Decree to Designees. Any such delegation does not relieve Builder of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.

(i)    Designees shall have sufficient authority to perform the delegated tasks; and

(ii)   The Quarterly Division Site Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 13 (Inspections) at the Site during that quarter.

15

f.       Storm Water Compliance Representatives may also hire Contractors to install, maintain or repair Best Management Practices. Such Contractors need not be Designees to perform such tasks. Any such use of Contractors does not relieve Builder of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.

g.       Builder shall post the name and contact information for all Site Storm Water Representatives for a Site at a conspicuous location at that Site, such as at the construction office, or at an entrance or exit if the Site does not have a construction office.

9.       Notice to EPA of List of Projects and Sites.

a.       Not later than sixty (60) days after the Date of Entry, Builder shall provide a List of Projects and Sites ("the List") to the OECA representative listed in Section XIV (Notices) in searchable electronic form or in hardcopy, in the format attached as Appendix A as described below.

(i)       The initial List shall include all Sites and Projects where Builder has initiated construction activity and final stabilization has not occurred as of the Date of Entry.

(ii)       The List shall provide: (A) the State and County in which the Site is located; and (B) the Site name.

(iii)       Builder shall also provide on the List the following additional information for each Site: (A) the location information from the Notice of Intent (if the location information in the Notice of Intent does not contain a Site's street address or the latitude and longitude, then

16

specific information regarding the Site's location – for example, a street address, nearby intersections, or the latitude and longitude – must be provided); (B) the date that the Storm Water Pre-Construction Review Form was signed, for Sites where Builder commenced construction activity after the Date of Entry; (C) the estimated number of acres that will be disturbed at the Site; (D) the name of the permit holder; and (E) when applicable, the date the Notice of Termination was signed. This additional information about each Site shall be provided either by adding the information to the List or by providing it by a hyperlink in the List to documents that contain the information (e.g., Notice of Intent, Storm Water Pre-Construction Review Form, Notice of Termination).

(iv)    For each of Builder's Projects, the List shall include the Project's name and address.

(v)    Builder shall also include on the List the number of Sites owned or operated by any entity in which Builder has an interest other than a wholly-owned interest.

b.    Builder shall provide to the OECA representative listed in Section XIV (Notices) an updated List on or before the 30th day after the end of each Quarterly Reporting Period. The updated List shall include the information provided in Paragraph 9.a. for each Site and Project, including new Sites and Projects. New Sites or Projects are those where commencement of construction activity occurred during the prior Quarterly Reporting Period. For previously listed Sites, Builder is required to update only the permittee name and the date the

17

Notice of Termination was signed, and this information shall be provided by either adding the information to the List or by providing it by a hyperlink in the List to documents that contain the information (e.g., Notice of Intent, Storm Water Pre-Construction Review Form, Notice of Termination). Builder may remove Sites from the updated List after the date permit coverage was terminated under the Applicable Permit, but only after the date of permit coverage termination has appeared on at least one quarterly updated version of the List.

c.      For purposes of this Paragraph 9, construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of storm water controls that are not sediment basins, provided that none of these activities involves significant soil disturbance.

10.     Permits. Solely for the purposes of compliance with this Decree, at a Site where coverage under an Applicable Permit is or will be required, Builder shall obtain permit coverage at that Site prior to signing the Storm Water Pre-Construction Review Form, or within the time required by the Applicable Permit, whichever is earlier. This provision is not an admission by either Party as to the requirements for obtaining an Applicable Permit under the Clean Water Act.

11.     Storm Water Pollution Prevention Plans and Records.

a.      For each Site, Builder shall prepare a site-specific Storm Water Pollution Prevention Plan prior to signing the Storm Water Pre-Construction Review Form, or within the time required by the Applicable Permit, whichever is earlier. This Paragraph 11 only applies to Sites at which the Storm Water Pre-

18

Construction Review Form is signed after the Date of Entry.

b.    Builder shall provide a copy of the National Storm Water Pollution Prevention Plan Format attached at Appendix B to the persons who prepare each of its Storm Water Pollution Prevention Plans. The development of all Storm Water Pollution Prevention Plans after the Date of Entry shall be guided by the National Storm Water Pollution Prevention Plan Format.

c.    All Storm Water Pollution Prevention Plans and Storm Water Pollution Prevention Plan amendments shall comply with the terms and conditions of the Applicable Permit and this Decree. Each Storm Water Pollution Prevention Plan shall:

(i)    be site specific;

(ii)    identify the Best Management Practices that will be used for each anticipated major phase of construction;

(iii)    incorporate the inspection frequency and routine maintenance deadlines under the Applicable Permit; and

(iv)    include clear, concise descriptions of site-specific Best Management Practices to implement the requirements of the Applicable Permit and to guide those responsible for overseeing implementation of the Storm Water Pollution Prevention Plan at each stage of construction.

d.    Each Storm Water Pollution Prevention Plan shall contain a statement by the preparer that its development was guided by the requirements of Paragraph 11.c. and the National Storm Water Pollution Prevention Plan Format attached at Appendix B.

19

e.    Storm Water Pollution Prevention Plans shall be revised or amended in accordance with the Applicable Permit.

f.    All Storm Water Pollution Prevention Plans and Storm Water Pollution Prevention Plan amendments shall be certified as required by the Applicable Permit.

g.    All Site Storm Water Representatives shall review the Storm Water Pollution Prevention Plan, and such review shall not be delegated.

h.    The Storm Water Pollution Prevention Plan and any Records required to be maintained at individual Sites by the Applicable Permit or Paragraphs 8.a. ("Transition Document"), 12 (Storm Water Pre-Construction Review), 13 (Inspections), and 14 (Maintenance) shall be maintained at the relevant Site construction office if the Site has one. If there is no construction office, the location of the Storm Water Pollution Prevention Plan and these Records shall be posted along with, or adjacent to, the contact information of the Site Storm Water Representative(s) required by Paragraph 8.g.

12.    Storm Water Pre-Construction Review.

a.    For Sites where Builder commences construction activity more than thirty (30) days after the Date of Entry, a Storm Water Compliance Representative (who must be Storm Water Trained not later than sixty (60) days after the Date of Entry) shall perform a Storm Water Pre-Construction Review prior to Builder's commencement of construction activity at that Site.

b.    For purposes of this Paragraph 12, the commencement of construction activity does not include geotechnical investigations, surveying,

environmental testing, plant (vegetation) salvage, or the initial installation of Best Management Practices that are not sediment basins, provided none of these activities involve significant soil disturbance.

c.    The Storm Water Pre-Construction Review shall include an inspection of the entire Site and completion of the Storm Water Pre-Construction Review Form attached at Appendix C. Prior to the commencement of Builder's construction activity, a Responsive Action shall be completed for each Action Item on the Storm Water Pre-Construction Review Form, identified during the Storm Water Pre-Construction Review.

d.    A Storm Water Compliance Representative (who must be Storm Water Trained not later than sixty (60) days after the Date of Entry) shall review and sign the Storm Water Pre-Construction Review Form, a task that may not be delegated. The Storm Water Pre-Construction Review Form shall be located as provided by Paragraph 11.h.

e.    Where any entity other than Builder commenced construction activity at a Site and Builder takes title to all or a portion of that Site after the Date of Entry, Builder shall determine no later than ten (10) Business Days after taking title whether that portion of that Site has unstabilized soils. If so, Builder shall, as soon as practicable, install and maintain appropriate erosion and sediment control Best Management Practices or assume responsibility for maintaining any existing appropriate erosion and sediment control Best Management Practices for those portions of the Site with unstabilized soils.

21

13.    Inspections.

a.    At a minimum, the Site Storm Water Representative shall inspect each Site at the frequency required by the Applicable Permit. The Site Inspection requirements for each Site shall go into effect on the date the Storm Water Pre-Construction Review Form is signed, or on the date required by the Applicable Permit, whichever is earlier.

b.    Commencing thirty (30) days after the Date of Entry, the Site Storm Water Representative (who must be Storm Water Trained not later than sixty (60) days after the Date of Entry) shall record Site Inspections on the Site Inspection Report attached at Appendix D. If a Designee conducts an inspection, the Site Storm Water Representative shall review and sign the completed Site Inspection Report, a task that may not be delegated. The Site Inspection Report shall be certified in accordance with the terms of the Applicable Permit.

c.    The final Site Inspection Report generated prior to the submittal of a Notice of Termination shall be clearly labeled as such.

d.    The Site Inspection Reports shall be kept with the Storm Water Pollution Prevention Plan.

14.    Maintenance.

a.    Builder shall maintain each Site in accordance with Storm Water Requirements.

b.    For every Action Item on the Site Inspection Report that is identified during a Site Inspection required by Paragraph 13 (Inspections) or on the Quarterly Division Site Inspection or the Quarterly Division Site Report that is

22

identified during a Quarterly Division Site Inspection as required by Paragraph 15 (Site Storm Water Compliance Review and Oversight), the Site Storm Water Representative or a Contractor whose work is supervised by the Site Storm Water Representative shall record the information required on the applicable forms (attached at Appendices D and, as appropriate, E) or in another single, identifiable document or database. The information required includes: a specific reference to the Action Item including the date of the inspection, a brief description of the Responsive Action taken, and the date the Responsive Action was completed. The Site Storm Water Representative need not (but may) record Responsive Actions completed during the inspection when the Action Item was discovered. The Responsive Action Log, Site Inspection Report, Quarterly Division Site Inspection, Quarterly Division Site Report, or the single identifiable document or database referenced above, shall be kept on Site as per Paragraph 11.h.

15.    Site Storm Water Compliance Review and Oversight.

a.    Builder shall summarize Site Inspection information in the form attached at Appendix N (Quarterly Site Summary Report), and follow the procedures in the subparagraphs below.

b.    At least once during each Quarterly Reporting Period, beginning on the first full Quarterly Reporting Period after the Date of Entry or the first full Quarterly Reporting Period after the date the Storm Water Pre-Construction Review is signed, whichever is later, the Division Compliance Executive shall conduct a Quarterly Division Site Inspection of each Site in the Division. The results shall be recorded on a Quarterly Division Site Inspection Report attached

23

at Appendix D. The Quarterly Division Site Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 13 (Inspections) at the Site during that Quarterly Reporting Period.

c. No later than seven (7) days after the Quarterly Division Site Inspection, the Division Compliance Executive shall complete a Quarterly Division Site Report in accordance with the form attached at Appendix E. The Division Compliance Executive shall: (i) summarize appropriate management steps in the Division Site Report, and (ii) review the Quarterly Division Site Report with the Site Storm Water Representative(s) for that Site, and the Division Compliance Executive and Site Storm Water Representatives shall each sign the Quarterly Division Site Report. No task in the preceding sentence shall be delegable.

d. The Site Storm Water Representative(s) shall be responsible for managing the completion of a Responsive Action for each Action Item on the form and identified during the Quarterly Division Site Inspection or identified on the Quarterly Division Site Report in the same manner as required under Paragraph 14 (Maintenance).

e. If a Quarterly Division Site Inspection is missed or a Quarterly Division Site Report is not completed, then the next Quarterly Division Site Inspection Report and Quarterly Division Site Report must also include the information required by the Reports for the missed Quarterly Reporting Period.

16. Quarterly Division Wide Report. Within thirty (30) days of the end of each Quarterly Reporting Period, the Division Compliance Executive shall prepare a

24

Quarterly Division Wide Report in accordance with the form attached at Appendix F. The Quarterly Division Wide Report shall be reviewed and signed by the Division Compliance Executive, which review and signature may not be delegated. Copies shall be sent to all Site Storm Water Representatives within the Division and to the National Storm Water Compliance Representative. If a Quarterly Division Wide Report is missed, then the next Quarterly Division Wide Report must also include the information for the missed Report.

17.    National Compliance Summary Report. Builder shall conduct an assessment of Sites in accordance with Appendix O, the National Storm Water Quality Program Assessment Program. The information obtained from the assessment shall be used by Builder to create the National Compliance Summary Report as required by this Paragraph 17 and Appendix G. The National Storm Water Compliance Representative shall submit the National Compliance Summary Report to the Federal Plaintiff pursuant to Section XIV (Notices), and submit to each of the State Plaintiffs the National Compliance Summary Report or the portion of the report that is relevant to that respective State, in accordance with the form attached at Appendix G. The National Storm Water Compliance Representative, or a Builder executive at a higher corporate level, shall certify the report. Such certification may not be further delegated. The National Compliance Summary Report shall be due as set forth in the following Table:

25

| National Compliance Summary Report | Report Coverage Period ("National Reporting Period") | Report Due Not Later Than 60 Days after the Last Day of the Following Period |
|---|---|---|
| 1 | 1st & 2nd Quarterly Reporting Periods | 2nd Quarterly Reporting Period |
| 2 | 3rd & 4th Quarterly Reporting Periods | 4th Quarterly Reporting Period |
| 3 | 5th, 6th, 7th & 8th Quarterly Reporting Periods | 8th Quarterly Reporting Period |
| 4 | 9th, 10th, 11th & 12th Quarterly Reporting Periods | 12th Quarterly Reporting Period |

Copies shall be sent to the persons identified in Appendix G.

18.   Storm Water Training Program.

a.      Builder shall implement the Storm Water Training Program set forth in Appendices H, I(1) and (2) and J(1) and (2).  The Storm Water Training Program shall include: employee storm water training; Storm Water Compliance Representative training; and annual refresher training.  Training under this program may be live or provided through electronic media.

(i)      Builder shall provide employee storm water training to all Builder employees who, in the field at a Site, primarily and directly supervise (or who primarily and directly assist in the supervision of) construction activity at a Site and who are not covered by subparagraph 18.a.(ii).  Builder employees must complete the employee storm water training no later than sixty (60) days after the Date of Entry, or no later than thirty (30) days after beginning work at a Site, whichever is later.  The employee storm water training syllabus is attached at Appendix H.  Employee storm water training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry.  The employee storm

26

water training program may be the same as the Storm Water Compliance Representative training program.

    (ii)    Builder shall provide Storm Water Compliance Representative training to all Storm Water Compliance Representatives and any Designee of such representative, who is a Builder employee, pursuant to the syllabus attached at Appendix I(1). To be certified as Storm Water Trained under this subparagraph, all Storm Water Compliance Representatives and Designees, who are Builder employees, must complete the Storm Water Compliance Representative training and pass a written, on-line, or computer-based test, which is equivalent to the test attached at Appendix J(1). All Storm Water Compliance Representatives and Designees, who are Builder employees, shall be certified as Storm Water Trained no later than sixty (60) days after the Date of Entry, or prior to being a designated Storm Water Compliance Representative or Designee at a Site, whichever is later. Storm Water Compliance Representative training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry. Employees who have completed Storm Water Compliance Representative training within fifteen (15) months prior to the Date of Entry may be certified in compliance with this subparagraph by passing the test within sixty (60) days after the Date of Entry. A certification under this subparagraph shall be valid for up to fifteen (15) months.

27

(iii)     Builder shall provide annual refresher training for Storm Water Compliance Representatives and Builder employee Designees who were previously certified under subparagraph 18.a.(ii) and who continue to work as Storm Water Compliance Representatives or Designees. Each such person shall complete the annual refresher training, pursuant to the syllabus attached at Appendix I(2), and pass a written test which is equivalent to the test attached at Appendix J(2). The renewal certification shall be valid for up to fifteen (15) months.

(iv)     Builder shall maintain records of each Storm Water Compliance Representative's and Designee's certification. Builder shall provide such records to the Federal Plaintiff within thirty (30) days of Federal Plaintiff's request, or within another period of time agreed to by the Builder and Federal Plaintiff in light of the size of the request.

b.     Every instructor presenting Builder's Storm Water Training Program shall be either: (i) a Storm Water Consultant or (ii) a Storm Water Trained Builder employee.

c.     Builder shall evaluate Builder's Storm Water Training Program annually and determine whether any changes to the Storm Water Training Program are necessary. A written evaluation of the Storm Water Training Program and a description of any significant proposed changes for EPA's approval shall be included in the second semi-annual National Compliance Summary Report, and each annual National Compliance Summary Report thereafter.

28

19.    Storm Water Orientation Program.

a.    Not later than sixty (60) days after the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each Listed Contractor or Storm Water Consultant: an overview of the Builder's storm water program; information explaining how to contact a Site Storm Water Representative as required by Paragraph 20.c.(iv); and a description of the potential consequences for failure to comply with Storm Water Requirements.

b.    Not later than seven (7) days after the Storm Water Pre-Construction Review Form is signed or prior to a Listed Contractor or Storm Water Consultant beginning work at a Site, whichever is later, Builder shall provide all Listed Contractors and Storm Water Consultants at the Site the following information: Builder's compliance expectations; how to obtain additional storm water compliance information; and the potential consequences of non-compliance.  This information may be provided by posting it in the same location as the information required by Paragraph 8.g. or it may be provided by alternative means of delivery.

20.    Contractor and Storm Water Consultant Compliance.

a.    After the Date of Entry, written requests for bids from Listed Contractors and Storm Water Consultants for work at a Site shall notify the bidding Listed Contractors and Storm Water Consultants that any successful bidder must comply with the Applicable Permit.

29

    b.     Not later than sixty (60) days after the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each Listed Contractor or Storm Water Consultant the applicable "Trade Sheets" attached at Appendix L.

    c.     Builder's master contracts entered into or modified after the Date of Entry with Listed Contractors and Storm Water Consultants shall: (i) require compliance with the Applicable Permit and with instructions by Builder's Storm Water Compliance Representatives to comply with Storm Water Requirements; (ii) require all Listed Contractors to circulate the "Trade Sheets" to their employees and sub-contractors who will be working at a Site; (iii) require designation of a Contractor Representative or Storm Water Consultant Representative, respectively, with the authority to oversee, instruct, and direct their respective employees and sub-contractors at a Site regarding compliance with Storm Water Requirements; (iv) require the Contractor Representative or Storm Water Consultant Representative to contact a Builder's Site Storm Water Representative to obtain any additional storm water compliance information; and (v) describe the consequences for failure to comply with the Applicable Permit.

    d.     Where Builder provides information required by Paragraph 19 or 20 by means of posting on an internet site, Builder shall identify the internet site to each Listed Contractor or Storm Water Consultant and shall require them to review the posted information.

30

21.   Corporate Acquisition.  In the event that Builder acquires the business or all or substantially all of the assets of another company by purchase or merger after the Date of Entry, Paragraphs 8-20 of the Consent Decree shall apply to all of the acquired Projects and Sites owned or operated by the acquired company, or by one of its "wholly-owned subsidiaries" (as that term is defined in Paragraph 1.e. above, substituting the acquired company for Builder).  Builder's obligation to comply with Paragraphs 8-20 of this Consent Decree with respect to Projects and Sites owned or operated by the acquired company or one of its wholly-owned subsidiaries shall begin 180 days from the date of closing the transaction, or after a longer period of time if agreed to in writing by the Builder and Federal Plaintiff in light of the size of the acquisition.  If a Site already has an existing Storm Water Pollution Prevention Plan, then Builder does not need to comply with Paragraph 11 (Storm Water Pollution Prevention Plans and Records) or respond to Question I.1. on Appendix C (Storm Water Pre-Construction Review Form) at such Site.  If construction activity has commenced (as defined in Paragraph 12) at a Site of the acquired company, then Builder need not comply with the requirements of Paragraph 12 (Storm Water Pre-Construction Review) at that Site.  Nothing in this Paragraph shall affect Builder's obligation to comply with Applicable Permits at the newly acquired Sites.

22.   Submission of Records.

a.   Within thirty (30) days of Federal Plaintiff's request for a Record, or within a longer period of time agreed to in writing by the Builder and Federal Plaintiff in light of the size of the request, Builder shall provide a copy to Federal

31

Plaintiff at the address set forth in the request of any Record required under this Decree. This Paragraph does not apply to Record requests concerning a specific Site made during or after a Government Inspection of that Site.

b.     The submittal of any Record to OECA under Paragraph 9 (Notice to EPA of List of Projects and Sites), Paragraph 17 (National Compliance Summary Report), and in response to a request made pursuant to Paragraph 22.a. shall be accompanied by a certification that meets the requirements of 40 C.F.R. § 122.22(b)-(d).

## V.    CIVIL PENALTY

23.     Not later than thirty (30) days after the Date of Entry, Builder shall pay the sum of $877,000 as a civil penalty. Failure to pay the civil penalty shall subject Builder to interest accruing from the first day after the 30-day period has run until the date payment is made, or until the 14th day after the 30-day period has run, whichever occurs first, at the rate specified in 28 U.S.C. § 1961. Failure to pay the civil penalty for more than fourteen (14) days after the 30-day period has run shall subject Builder to the stipulated penalty set forth in Paragraph 43.1.

24.     Builder shall pay $776,000 of the civil penalty by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Builder following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Eastern District of Virginia, 101 West Main Street, Suite 8000, Norfolk, Virginia 23510, (757) 441-6331.

At the time of payment, Builder shall send a copy of the Electronic Funds Transfer authorization form and the Electronic Funds Transfer transaction record,

together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States et al. v. Pulte Homes, Inc., and shall reference the civil action number and DOJ case number 90-5-1-1-08332, to the United States in accordance with Section XIV of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268.

25. Builder shall pay the civil penalty due to each State Plaintiff in the manner described below. Each payment shall be accompanied by a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States et al. v. Pulte Homes, Inc., and shall reference the civil action number and DOJ case number 90-5-1-1-08332.

a. Payment of $14,000 of the civil penalty due the State of Colorado shall be made by check made out to the Colorado Department of Public Health and Environment and mailed to:

> Enforcement Work Group Leader
> Colorado Department of Public Health and Environment
> Water Quality Control Division
> 4300 Cherry Creek Drive, South, Bldg. B
> Denver, CO 80246-1530

Builder shall send a copy of the check and cover letter to the OECA addressee and the State of Colorado in accordance with Section XIV (Notices).

b. Payment of $21,000 of the civil penalty due the State of Maryland shall be made by check made out to the Maryland Clean Water Fund and mailed to:

33

Maryland Department of the Environment
P.O. Box 2057
Baltimore, MD 21203-2057

Builder shall send a copy of the check and cover letter to the OECA addressee

and the State of Maryland in accordance with Section XIV (Notices).

    c.      Payment of $47,000 of the civil penalty due the State of Nevada

shall be made by check made out to NDEP and mailed to:

NDEP Water Pollution Control
c/o Cliff Larson, Suite 3003
901 South Stewart Street
Carson City, NV 89701

Builder shall send a copy of the check and cover letter to the OECA addressee

and the State of Nevada in accordance with Section XIV (Notices).

    d.      Payment of $7,000 of the civil penalty due the State of Tennessee

shall be made by check made out to The State of Tennessee, referencing the case

name and civil action number, and mailed to:

Elizabeth P. McCarter
Office of the Tennessee Attorney General
Environmental Division
P. O. Box 20207
Nashville, TN 37202

Builder shall send a copy of the check and cover letter to the OECA addressee

and the State of Tennessee in accordance with Section XIV (Notices).

    e.      Payment of $12,000 of the civil penalty due the Commonwealth of

Virginia shall be made by check, money order or cashier's check made out to the

Treasurer of Virginia, including a notation "For VA Stormwater Management

Fund", and mailed to:

34

Joseph H. Maroon
Director
Commonwealth of Virginia
Department of Conservation and Recreation
203 Governor Street, Suite 302
Richmond, VA 23219

Builder shall send a copy of the check, money order or cashier's check and cover letter to the OECA addressee and the Commonwealth of Virginia in accordance with Section XIV (Notices).

26.    Builder shall not deduct the civil penalty paid under this Section in calculating its federal income tax.

## VI.    SUPPLEMENTAL ENVIRONMENTAL PROJECT

27.    Builder shall implement the Garcia River Watershed Supplemental Environmental Project (the "SEP") as set forth in this Section and in Appendix P of this Consent Decree. The SEP shall be completed according to the schedule set forth in Appendix P.

28.    The SEP shall be implemented to reduce sediment loadings to the Garcia River Watershed by preventing sediment transport to the river through a variety of methods. The SEP is intended to prevent pollution and to result in the restoration of indigenous riparian and aquatic habitat, including habitat for the recovery of important aquatic species, including the California Coho Salmon, which is listed as threatened under the Endangered Species Act, 16 U.S.C. §§ 1531-1599.

The SEP shall include: 1) the physical work to implement the Site Assessment and Final Sediment Project Design for the Blue Waterhole and North Fork Sediment Reduction Projects ("Sediment Projects") including, but not limited to, upgrades and decommissioning of roads to prevent road-related sediment delivery, stabilization and

protection of stream banks, and the restoration of native vegetation and the riparian canopy and, 2) submission of Planning, Progress and Completion Reports. Each element shall be completed in accordance with the schedule set forth in Appendix P.

29.   Builder is responsible for the satisfactory completion of the SEP in accordance with the requirements of this Consent Decree and Appendix P. Builder may use contractors and/or consultants in planning and implementing the SEP.

30.   With regard to the SEP and by signing this Decree, Builder certifies the truth and accuracy of each of the following to the best of Builder's knowledge and belief:

a.   that all cost information provided to Federal Plaintiff in connection with Federal Plaintiff's approval of the SEP is complete and accurate, and that Builder in good faith estimates that the cost to implement the Sediment Projects is at least $608,000;

b.   that, as of the date of executing this Decree, Builder is not required to perform or develop the SEP by any federal, state, or local law or regulation and is not required to perform or develop the SEP by agreement, grant, or as injunctive relief awarded in any other action in any forum;

c.   that the SEP is not a project that Builder was planning or intending to construct, perform, or implement other than in settlement of the claims resolved in this Decree;

d.   that Builder has not received and will not receive credit for the SEP in any other enforcement action;

e.   that Builder will not receive any reimbursement for any portion of the SEP from any other person; and

36

f.    that no federal funding has been received or used, or will be received or used, for the SEP as set forth in Appendix P.

31.    Builder shall provide SEP Planning Reports to the Federal Plaintiff in accordance with the schedule set forth in Appendix P and the provisions of Section XIV (Notices). Each SEP Planning Report shall describe Builder's progress during the six month period preceding each Report. Each SEP Planning Report shall include:

a.    the progress made towards completing Site Assessments and Final Sediment Project Designs for each Sediment Project;

b.    any problems encountered and solutions reached; and

c.    the steps anticipated to be taken in order to complete Final Sediment Project Design, if any.

The Final SEP Planning Report shall contain the completed Site Assessment and the Final Sediment Project Designs. Obligations under this paragraph shall cease upon submission of the first SEP Progress Report described in Paragraph 32 below.

32.    Builder shall provide quarterly SEP Progress Reports to the Federal Plaintiff in accordance with the schedule set forth in Appendix P and the provisions of Section XIV (Notices). Each quarterly SEP Progress Report shall describe Builder's progress during the three month period preceding each Report. Specifically, each Progress Report shall describe:

a.    the work Builder undertook on the Sediment Projects;

b.    the progress made towards completing each Sediment Project in Appendix P;

c.    the costs expended to date to implement each Sediment Project;

37

      d.      any problems encountered and solutions reached; and

      e.      the steps anticipated to be taken during the next quarter.

Obligations under this paragraph shall cease upon submission of the SEP

Completion Report described in Paragraph 33 below.

33.      Builder shall submit a SEP Completion Report to the Federal Plaintiff in accordance with the schedule set out in Appendix P and the provisions of Section XIV(Notices). The SEP Completion Report shall contain the following information:

      a.      a detailed description of the work undertaken for each of the Sediment Projects identified in Appendix P and described in the SEP Planning and Progress Reports;

      b.      a description of any problems encountered in completing the SEP and the solutions thereto;

      c.      an itemized list of all eligible SEP costs expended to implement each Sediment Project which Builder has committed to fund in the amount of $608,000;

      d.      certification that the SEP has been fully implemented pursuant to the provisions of this Decree and Appendix P; and

      e.      a description of the environmental and public health benefits resulting from implementation of the SEP (with a quantification of the benefits and pollutant reductions, if feasible).

34.    The Federal Plaintiff may request information in addition to that described in the preceding Paragraphs 31 - 33, in order to evaluate the adequacy of Builder's completion of the SEP and Builder shall provide such information consistent with Paragraph 22 (Submission of Records).

35.    After receiving the SEP Completion Report, the Federal Plaintiff shall expeditiously notify Builder whether or not Builder has satisfactorily completed the SEP in accordance with Appendix P . If Federal Plaintiff notifies Builder that the SEP has not been satisfactorily completed, Builder shall have sixty (60) days from the receipt of such notice (or such other time period as the Federal Plaintiff and Builder agree upon) in which to address any alleged SEP deficiencies and to provide notice and support to the Federal Plaintiff that the deficiencies have been addressed, during which time stipulated penalties shall not accrue.

36.    Disputes concerning the satisfactory performance and/or satisfactory completion of the SEP (including disputes about whether stipulated penalties are due) and the amount of eligible SEP costs may be resolved under Section X of this Decree (Dispute Resolution). No other disputes arising under this Section shall be subject to Dispute Resolution.

37.    Each submission required under this Section shall be submitted pursuant to Paragraph 22 (Submission of Records).

38.    Any public statement, oral or written, in print, film, or other media, made by Builder making reference to the SEP under this Decree shall include the following language: "This project was undertaken in connection with the settlement of an

39

enforcement action, United States et al. v. Pulte Homes, Inc., taken on behalf of the U.S. Environmental Protection Agency under the Clean Water Act."

39.    For federal income tax purposes, Builder agrees that it will neither capitalize into inventory or basis nor deduct any costs or expenditures incurred in performing the SEP.

## VII.    REPORTING REQUIREMENTS

40.    All National Compliance Summary Reports shall be submitted to the Federal Plaintiff as designated in Section XIV of this Consent Decree (Notices).  A response to a request under Paragraph 22 (Submission of Records) shall be submitted to the federal official making the request.

41.    The reporting requirements of this Consent Decree do not relieve Builder of any reporting obligations required by the Clean Water Act or its implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

## VIII.    STIPULATED PENALTIES

42.    Stipulated Penalty Amounts for Reported Violations.  Builder shall submit National Compliance Summary Reports as required by Paragraph 17 (National Compliance Summary Report) to the Federal Plaintiff that will estimate violations listed in this Paragraph based on the results of Builder's National Storm Water Quality Program Assessment Program attached at Appendix O.  State Plaintiff(s) or Federal Plaintiff may also use other information gathered by State or Federal Plaintiff(s) to identify violations, for which stipulated penalties may be assessed by the Federal Plaintiff under this Paragraph 42, at Sites for which an assessment was conducted and those violations

40

identified by the State or Federal Plaintiff(s) were not identified at the assessed Sites for the time period in question and reported in the corresponding National Compliance Summary Report. For such violations discovered by State or Federal Plaintiff(s), stipulated penalties shall be calculated for the violation(s) found, as well as for estimated violations consistent with Builder's National Storm Water Quality Program Assessment Program attached at Appendix O. Except for subparagraph 42.a., stipulated penalties under this Paragraph will not begin to accrue until after the end of the second Quarterly Reporting Period. Federal Plaintiff may demand stipulated penalties pursuant to this Paragraph within one (1) year after the violation is reported to the Federal Plaintiff, or within six (6) months after termination of this Consent Decree pursuant to Section XVIII (Termination), whichever is earlier. For each of the instances listed below, upon written demand of Federal Plaintiff, Builder shall pay stipulated penalties in the following amounts:

        a.     Discharge(s) of pollutants from a Site to a water of the United States prior to obtaining coverage as required under an Applicable Permit: $2,500 per day of such discharge(s).

        b.     Failure to perform (including completion of all Responsive Actions) or, if performed, a material failure to document a Storm Water Pre-Construction Review as required by Paragraph 12 (Storm Water Pre-Construction Review): $2,500 per Site.

        c.     Failure to perform or, if performed, a material failure to document a Site Inspection as required by Paragraph 13 (Inspections):

41

| Estimated Percentage of Inspections Missed/Undocumented Per National Reporting Period | Stipulated Penalty Per Period | | |
|---|---|---|---|
| | 3rd & 4th QRP | 5th-8th QRP | 9th-12th QRP |
| 0.01 to 5% | 0 | 0 | 0 |
| 5.01 to 8% | $2,500 | $10,000 | $15,000 |
| 8.01 to 12% | $6,750 | $25,000 | $30,000 |
| 12.01 to 20% | $12,500 | $50,000 | $100,000 |
| 20.01 to 25% | $25,000 | $100,000 | $200,000 |
| >25% | $62,500 | $250,000 | $500,000 |

d.      Failure to perform or, if performed, a material failure to document

a Quarterly Division Site Inspection or a Quarterly Division Site Report as

required by Paragraph 15.b. and c.:

| Estimated Percentage of Quarterly Division Site Inspections or Quarterly Division Site Reports Undocumented Per National Reporting Period | Stipulated Penalty |
|---|---|
| For each undocumented Inspection or Report from 0.01 to 5% of required inspections or Reports: | $100 |
| For each additional undocumented Inspection or Report from 5.01 to 10% of required inspections or Reports: | $200 |
| For each additional undocumented Inspection or Report > 10% of required inspections or Reports: | $300 |

If a Quarterly Division Site Inspection or Quarterly Division Site Report is

missed, then, respectively, the next Quarterly Division Site Inspection Report or

Quarterly Division Site Report must also include the information required by the

Reports for the missed Quarterly Reporting Period.

42

e.     Failure to prepare a Quarterly Division Wide Report as required by Paragraph 16 (Quarterly Division Wide Report):

| Days | Stipulated Penalty |
|---|---|
| 1st through 7th day | $250 per Report |
| 8th through 30th day | $500 per Report |
| 31st through 90th day | $5,000 per Report |

If a Division Wide Report is missed, then the next Division Wide Report must also include the information for the missed report.

f.     Failure to have trained and certified Site Storm Water Representatives as required by Paragraph 18.a.(ii) and (iii) at the time of an inspection required by Paragraph 15 (Site Storm Water Compliance Review and Oversight): $100 per person.

43.     Stipulated Penalty Amounts for Non-Self-Reported Violations. Builder shall not be obligated to report the following violations to Federal Plaintiff. Except for subparagraph 43.1. stipulated penalties under this Paragraph will not begin to accrue until six (6) months after the Date of Entry. Federal Plaintiff may demand stipulated penalties pursuant to this Paragraph within one (1) year after the date the violation is discovered by Federal Plaintiff, or within six (6) months after the termination of this Consent Decree pursuant to Section XVIII (Termination), whichever is earlier. For each of the instances listed below, upon written demand of Federal Plaintiff, Builder shall pay stipulated penalties in the following amounts:

43

a.      Material failure to submit the initial List of Projects and Sites or an updated List of Projects and Sites as required by Paragraph 9 (Notice to EPA of List of Projects and Sites): $500 per day.

b.      Failure to designate Storm Water Compliance Representatives:

(i)      Failure to designate Site Storm Water Representatives as required by Paragraph 8 (Designation of Storm Water Compliance Representatives): $500 per person.

(ii)      Failure to designate Division Compliance Executive(s) as required by Paragraph 8 (Designation of Storm Water Compliance Representatives): $250 per Site.

(iii)      Failure to designate a National Storm Water Compliance Representative as required by Paragraph 8 (Designation of Storm Water Compliance Representatives): $1,000 per person.

c.      Failure to train employees as required by Paragraph 18.a.(i) or failure to train and certify Storm Water Compliance Representatives and Builder-employed Designees as required by Paragraph 18.a.(ii) – (iii) (Storm Water Training Program): $250 per person.

d.      Failure to provide Storm Water Orientation as required by Paragraph 19.a. (Storm Water Orientation Program) shall be subject to the following stipulated penalties:

(i)      if Builder chooses to satisfy the requirements of Paragraph 19.a. by posting such information on an internet site, and fails to timely post such information:

44

| Days | Stipulated Penalty |
|---|---|
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

    (ii)    if Builder chooses to satisfy the requirements of Paragraph 19.a. by delivering such information in a manner other than through posting it on the internet, and fails to timely provide such information: $50 per each affected Listed Contractor or Storm Water Consultant.

    e.    Failure to comply with the bid requirements of Paragraph 20.a.: $50 per each affected Listed Contractor or Storm Water Consultant.

    f.    Failure to provide the information required by Paragraph 20.b. shall be subject to the following stipulated penalties:

    (i)    if Builder chooses to satisfy these requirements by posting such information on an internet site, but fails to timely post such information:

| Days | Stipulated Penalty |
|---|---|
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

    (ii)    if Builder chooses to satisfy the requirements of Paragraph 20.b. by delivering such information in a manner other than through

45

posting it on the internet, and fails to timely provide such information:

$50 per each affected Listed Contractor or Storm Water Consultant.

g.       Failure to include the provisions required by Paragraph 20.c. in Builder's master contracts entered into or modified after the Date of Entry with Listed Contractors or Storm Water Consultants: $50 per each affected Listed Contractor or Storm Water Consultant.

h.       Failure to certify any submittal as required by Paragraph 22.b.: $1,000 per violation.

i.       Failure to prepare an initial Storm Water Pollution Prevention Plan, or, if prepared, a material failure of the initial Storm Water Pollution Prevention Plan to comply with the Applicable Permit or this Decree: $2,500 per Storm Water Pollution Prevention Plan.

j.       At the time of a Government Inspection, failure to be in compliance with Paragraph 8.g. or11.h.: $500 per Government Inspection.

k.       Failure to submit a National Compliance Summary Report as required by Paragraph 17 (National Compliance Summary Report):

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 14th days | $250 per day |
| 15th through 30th days | $500 per day |
| 31st day and beyond | $1,000 per day |

l.       Failure to pay the civil penalty and any accrued interest required to be paid under Section V, Paragraph 23 (Civil Penalty) when due: $1,000 per day commencing fifteen (15) days after the due date.

46

44.   Stipulated Penalty Amounts for Non-Compliance with SEP Requirements.

For each of the instances listed below, upon written demand of Federal Plaintiff, Builder

shall pay stipulated penalties in the following amounts:

   a.   For each failure to timely submit a SEP Planning Report, SEP

Progress Report or SEP Completion Report as required by the schedule set forth

in Appendix P or, if a Report is submitted, a material failure of the Report to meet

the requirements of Paragraphs 31, 32, and 33 of the SEP Provisions above :

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 14th days | $250 per day |
| 15th through 30th days | $500 per day |
| 31st day and beyond | $750 per day |

   b.   For each failure to timely complete the Site Assessment or Final

Sediment Project Designs in the time required by the schedule set forth in

Appendix P:

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 14th days | $250 per day/per violation |
| 15th through 30th day | $500 per day/per violation |
| 31st day and beyond | $750 per day/per violation |

   c.   Failure to satisfactorily complete the physical work described in

the Final Sediment Project Designs for the Blue Waterhole and North Fork

Sediment Projects by the last deadline set forth in Appendix P:

   1.  Blue Waterhole      $209,000

   2.  North Fork          $460,000

47

less any eligible SEP costs incurred that EPA determines were expended in a manner consistent with Paragraphs 27-29 and 31-33 and Appendix P.  In accordance with Paragraph 35, Federal Plaintiff shall notify Builder whether or not the SEP has been completed satisfactorily and Builder shall have sixty (60) days from receipt of such notice to cure any deficiencies.  If Builder does not cure the deficiencies within sixty (60) days, the penalties under this subparagraph shall accrue.  If the Federal Plaintiff elects to seek stipulated penalties under this subparagraph the obligations of Builder to complete the SEP shall terminate upon payment of the stipulated penalties under this subparagraph.

  d. Failure to undertake the SEP or abandonment of work on the SEP: $700,000.

The penalty under this subparagraph shall accrue when either Builder evidences its unequivocal intent to cease performance of the SEP or on the date specified for completion of the SEP, whichever is earlier.  Builder shall provide notice of abandonment to Federal Plaintiff pursuant to the provisions of Section XIV (Notices).  If Federal Plaintiff elects to seek a stipulated penalty under this subparagraph the obligations of Builder to complete the SEP shall terminate upon payment of the stipulated penalty under this subparagraph.

45. Payment of Stipulated Penalties.

  a. Builder shall provide information regarding violations under Paragraph 42 (Stipulated Penalty Amounts for Reported Violations) to the Federal Plaintiff in the National Compliance Summary Report in the form attached at Appendix G.

b.      All penalties owed to the Plaintiffs under Paragraphs 42, 43 and 44 above shall be due and payable within thirty (30) days of Builder's receipt from EPA of a demand for payment of the penalties (on behalf of the Federal and State Plaintiffs), unless Builder invokes the procedures under Section X (Dispute Resolution).

(i)      All payments of stipulated penalties owed to the Federal Plaintiff shall be made by Electronic Funds Transfer to the United States Department of Justice lockbox bank referencing DOJ case number 90-5-1-1-08332 and the civil action number.  Payment shall be made in accordance with the instructions provided by the United States upon entry of the Decree.  Any Electronic Funds Transfer received at the United States Department of Justice lockbox bank after 11:00 a.m. (Eastern Time) will be credited on the next Business Day.  After payment, Builder shall mail a cover letter specifying the amount and date of payment, civil action number, DOJ case number 90-5-1-1-08332 and a reference to the demand letter, to the United States in accordance with Section XIV (Notices).

(ii)     All payments of stipulated penalties owed to a State Plaintiff shall be made in the manner described below.  Each payment shall be accompanied by a transmittal letter specifying the amount and date of payment, civil action number, DOJ case number 90-5-1-1-08332 and a reference to the demand letter.

49

(A)     Payment of stipulated penalties due the State of

Colorado shall be made by check made out to the Colorado

Department of Public Health and Environment and mailed to:

> Enforcement Work Group Leader
> Colorado Department of Public Health and Environment
> Water Quality Control Division
> 4300 Cherry Creek Drive, South, Bldg. B
> Denver, CO  80246-1530

Builder shall send a copy of the check and cover letter to the

OECA addressee and the State of Colorado in accordance with

Section XIV (Notices).

(B)     Payment of stipulated penalties due the State of

Maryland shall be made by check made out to the Maryland Clean

Water Fund and mailed to:

> Maryland Department of the Environment
> P.O. Box 2057
> Baltimore, MD  21203-2057

Builder shall send a copy of the check and cover letter to the

OECA addressee and the State of Maryland in accordance with

Section XIV (Notices).

(C)     Payment of stipulated penalties due the State of

Nevada shall be made by check made out to NDEP and mailed to:

> NDEP Water Pollution Control
> c/o Cliff Larson, Suite 3003
> 901 South Stewart Street
> Carson City, NV  89701

Builder shall send a copy of the check and cover letter to the

OECA addressee and the State of Nevada in accordance with

Section XIV (Notices).

(D)     Payment of stipulated penalties due the State of

Tennessee shall be made by check made out to The State of

Tennessee referencing the case name and civil action number, and

mailed to:

> Elizabeth P. McCarter
> Office of the Tennessee Attorney General
> Environmental Division
> P. O. Box 20207
> Nashville, TN  37202

Builder shall send a copy of the check and cover letter to the

OECA addressee and the State of Tennessee in

accordance with Section XIV (Notices).

(E)     Payment of stipulated penalties due the

Commonwealth of Virginia shall be made by check, money order

or cashier's check made out to Treasurer of Virginia including a

notation "For VA Stormwater Management Fund," and mailed to:

> Joseph H. Maroon
> Director
> Commonwealth of Virginia
> Department of Conservation and Recreation
> 203 Governor Street, Suite 302
> Richmond, VA  23219

Builder shall send a copy of the check, money order or cashier's

check and cover letter to the OECA addressee and the

Commonwealth of Virginia in accordance with Section XIV

(Notices).

51

c.    State Plaintiffs shall receive 50% of the stipulated penalties collected for violations of subparagraphs 43.b.(i), 43.b.(ii), 43.c., 43.i., and 43.j. that are attributable to violations occurring in their state and are discovered by Plaintiffs. State Plaintiffs shall receive 50% of the stipulated penalties collected for violations of subparagraph 42.a. that are attributable to violations occurring in their state. Stipulated penalties reported by Builder pursuant to Paragraph 42 (with the exception of subparagraph 42.a.) shall be paid in full to the Federal Plaintiff.

46.    Stipulated penalties shall accrue as provided in Paragraphs 42, 43 and 44 above. For stipulated penalties that are assessed "per day," penalties shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of the Consent Decree. Penalties shall accrue regardless of whether Federal Plaintiff has notified Builder of a violation, but need not be paid until a demand is made. However, if a penalty would otherwise accrue because the List of Projects and Sites (Paragraph 9) or the Quarterly Division Site Inspection Report or the Quarterly Division Site Report (Paragraph 15) is deemed by the Federal Plaintiff to contain a material deficiency, stipulated penalties shall not begin to accrue until the Federal Plaintiff has notified Builder of any such deficiency.

47.    The Federal Plaintiff may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

52

48.    Stipulated penalties shall continue to accrue as provided in Paragraph 46, above, during any Dispute Resolution, but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of the Federal Plaintiff that is not appealed to the Court, Builder shall pay penalties agreed upon or accepted to the Federal Plaintiff within thirty (30) days of the effective date of the agreement or the receipt of Federal Plaintiff's decision or order.

b.    If the dispute is appealed to the Court and the Federal Plaintiff prevails in whole or in part, Builder shall pay all penalties awarded by the Court within sixty (60) days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.    If any Party appeals the District Court's decision, Builder shall pay all penalties awarded by the Court, together with interest as provided in Paragraph 50 running from the 61st day after the District Court's decision, within fifteen (15) days of receiving the final appellate court decision.

d.    Notwithstanding Paragraph 46, during judicial review by this Court under Section X (Dispute Resolution) of this Decree, stipulated penalties shall not accrue, during the period, if any, beginning on the 31st day after the Court's receipt of the motion provided for by Paragraph 59 until the date that the Court issues a final decision regarding such dispute.

49.    Builder shall not deduct stipulated penalties paid under this Section in calculating its federal income tax.

50.     If Builder fails to pay stipulated penalties according to the terms of this Decree, Builder shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due pursuant to Paragraph 45.b. or Paragraph 48.

51.     Except as provided in this Paragraph, the Federal and State Plaintiffs reserve the right to pursue any other remedies for violations of this Consent Decree, the Clean Water Act, or equivalent state law to which they are entitled. Any such action shall not be considered a "Covered Dispute" under Section X (Dispute Resolution). The Federal and State Plaintiffs will not seek stipulated penalties and civil or administrative penalties for the same violation; provided, however, the Federal and State Plaintiffs expressly reserve the right to seek injunctive relief against Builder for violations of this Decree, the Clean Water Act, or equivalent state law even if a stipulated penalty has been collected pursuant to this Decree.

## IX.     FORCE MAJEURE

52.     A "force majeure event," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Builder, its contractors, or any entity controlled by Builder that prevents or delays the performance of any obligation of this Consent Decree despite all reasonable efforts by Builder to fulfill the obligation. "All reasonable efforts" includes using all reasonable efforts to anticipate any potential force majeure event (where such event can be anticipated) and using all reasonable efforts to address the effects of any such event: (a) as it is occurring; and (b) after it has occurred, to prevent or minimize any resulting failure to perform or delay in performing any obligation of this Consent Decree. "Force majeure event" does not include Builder's

financial inability to perform any obligation under this Consent Decree.

53. Builder shall retain all rights granted under the Applicable Permit concerning a force majeure event.

54. Builder shall provide notice to the OECA representative listed in Section XIV (Notices) orally or by electronic or facsimile transmission ("initial notice") as soon as practicable, but not later than ten (10) days after the time Builder first knew of, or by the exercise of due diligence, should have known of, a claimed force majeure event. Builder shall also provide written notice ("subsequent written notice"), as provided in Section XIV of this Consent Decree (Notices), within thirty (30) days of the time Builder first knew of, or by the exercise of due diligence, should have known of, the event. The Federal Plaintiff may, in its unreviewable discretion, extend the time within which initial notice or subsequent written notice must be given. No such extension shall be effective unless in writing. The subsequent written notice shall state the anticipated duration of any failure to comply or delay in compliance with any obligation of this Consent Decree; the cause(s) of such failure or delay; Builder's past and proposed actions to prevent or minimize such failure or delay; a schedule for carrying out those actions; and Builder's rationale for attributing any failure to comply or delay in compliance to a force majeure event. Except as may be provided in Paragraph 53, failure to provide initial notice and subsequent written notice as required by this Paragraph shall preclude Builder from asserting any claim of force majeure.

55. If the Federal Plaintiff agrees that a force majeure event, as defined by this Section, has occurred, the Federal Plaintiff shall agree to extend the time for Builder to perform the affected requirements for the time necessary to complete those obligations.

An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any unaffected obligation. Failures resulting from a force majeure event shall not be considered a breach of this Consent Decree, and Builder shall not be liable for any stipulated penalties occurring as a direct result of the event, provided Builder complies with the terms of this Section.

56. If the Federal Plaintiff does not agree that a force majeure event, as defined by this Section, has occurred, or does not agree to the length of the extension of time sought by Builder, the Federal Plaintiff's position shall be binding, unless Builder invokes Dispute Resolution under Section X of this Consent Decree. In any such dispute, Builder bears the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a force majeure event, that Builder gave the notice required by Paragraph 54, that the force majeure event caused any failure to comply or delay in compliance with an obligation of this Consent Decree that Builder claims was attributable to that event, and that Builder exercised all reasonable efforts to prevent or minimize any failure or delay in compliance caused by the event.

## X. DISPUTE RESOLUTION

57. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve a dispute arising under or with respect to this Consent Decree ("Covered Dispute"). A Covered Dispute shall be considered to have arisen when Builder serves on Federal Plaintiff a written notice of dispute, in accordance with Section XIV of this Consent Decree (Notices). Such notice of dispute shall state clearly the matter in dispute.

56

58.    Dispute Resolution.

a.    Any Covered Dispute shall first be the subject of informal negotiations. Informal negotiations shall proceed from the date the notice of dispute is served, as follows, unless these periods are modified by written agreement.

b.    If Builder invokes dispute resolution procedures, within fifteen (15) days of service of written notice of the dispute, Builder shall serve on the Federal Plaintiff a written Statement of Position regarding the Covered Dispute, in accordance with Section XIV of this Consent Decree (Notices). The Statement of Position shall include, but need not be limited to, a concise statement of the Covered Dispute, the Builder's position, and an explanation of that position.

c.    The Federal Plaintiff shall serve its Statement of Position within thirty (30) days of receipt of Builder's Statement of Position, in accordance with Section XIV of this Consent Decree (Notices). The Federal Plaintiff's Statement of Position shall include, but need not be limited to, a concise statement of the Covered Dispute, the Federal Plaintiff's position, and an explanation of that position.

d.    Upon Builder's receipt of Federal Plaintiff's Statement of Position, Federal Plaintiff and Builder may work towards resolving the Covered Dispute. If no resolution is reached within fifteen (15) days, or such longer period as may be agreed to in writing by the parties, the Federal Plaintiff's Statement of Position shall be binding on Builder, unless Builder files a motion for judicial resolution of the Covered Dispute within thirty (30) days after the conclusion of informal

57

negotiations in accordance with the following Paragraph.

59.   Judicial Resolution.  Builder may seek judicial resolution of the Covered Dispute by filing with the Court and serving on the Federal Plaintiff, in accordance with Section XIV of this Consent Decree (Notices), a motion requesting judicial resolution of the Covered Dispute.

60.   The Federal Plaintiff shall respond to Builder's motion within the time period allowed by the Local Rules of this Court.  Builder may file a reply memorandum, to the extent permitted by the Local Rules.

61.   Except as otherwise provided in this Consent Decree, Builder shall bear the burden of establishing its position on the Covered Dispute by a preponderance of the evidence under applicable law.

62.   Subject to Paragraph 48.d., the invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Builder under this Consent Decree, unless and until final resolution of the dispute so provides.  Subject to Paragraph 48.d., stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 48.  If Builder does not prevail on the disputed issue, stipulated penalties awarded by the Court shall be paid as provided in Section VIII (Stipulated Penalties).

### XI.   INFORMATION COLLECTION AND RETENTION

63.   The Federal Plaintiff, State Plaintiffs and their authorized representatives acting on their behalf, upon presentation of credentials and at all reasonable times, shall have the right of entry onto all Sites and Projects and have the right to access Records

located at Sites or Projects or at any offsite location where Records pertaining to a Site or Project are located, for the purpose of assessing Builder's compliance with this Consent Decree.

64.     Until one (1) year after the termination of this Consent Decree, Builder shall retain, and shall instruct its Storm Water Consultants to preserve, all Records. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.

65.     At any time during the applicable retention period for a Record and upon request by the Federal Plaintiff, Builder shall provide to Federal Plaintiff a copy of any Record required to be maintained under this Section. Builder shall provide Records requested by Federal Plaintiff pursuant to this Paragraph consistent with the procedures set forth in Paragraph 22 (Submission of Records). This Paragraph does not apply to Record requests made during a Government Inspection.

66.     Builder may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Builder asserts a privilege, it must identify the privilege being asserted and describe the nature of the Record not being produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Federal Plaintiff to assess the applicability of the privilege or protection; provided, however, that no Records required to be created or maintained by this Consent Decree shall be withheld on grounds of privilege.

67.     With respect to any Records provided to Federal Plaintiff, Builder may also assert that information required to be provided under this Section is protected as Confidential Business Information under 40 C.F.R. Part 2. As to any information that

59

Builder seeks to protect as Confidential Business Information, Builder shall follow the procedures set forth in 40 C.F.R. Part 2.

68.     Nothing in this Consent Decree shall be construed to limit any right of entry or access or other information gathering authority held by Federal or State Plaintiffs pursuant to any federal, state or local law, permit, or regulation, nor shall it be construed to limit any duty or obligation of Builder to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

## XII.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

69.     Federal Plaintiff. In consideration of the payment of the penalty required by Paragraph 23, Federal Plaintiff hereby releases its claims and covenants not to sue or take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix M through the date of lodging, of: (i) Section 308 of the Clean Water Act as it relates to Storm Water Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit; or (iii) the conditions, limitations and requirements of an Applicable Permit. The provisions of this Paragraph shall survive the termination of this Decree.

70.     State Plaintiffs. In consideration of the payment of the penalty required by Paragraph 23, State Plaintiffs hereby release their claims and covenant not to sue or take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix M, through the date of lodging, of: (i) state law equivalent to Section 308 of the Clean Water Act as it relates to Storm Water Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit and any state law equivalent to this prohibition; (iii) the

60

conditions, limitations and requirements of an Applicable Permit; or (iv) any state law, regulation or permit regulating discharges of storm water. The provisions of this Paragraph shall survive the termination of this Decree.

71.    Plaintiffs' Reservation of Rights.

a.    Each Plaintiff reserves all rights not expressly waived in this Decree.

b.    Each Plaintiff reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Decree.

c.    Each Plaintiff reserves the right to seek and obtain criminal sanctions against any person, including Builder.

d.    Each Plaintiff reserves the right to undertake any action for injunctive relief against any person, including Builder, in response to conditions which may present an imminent and substantial endangerment to the public health or welfare or the environment.

72.    Builder's Reservation of Rights. Except as expressly stated herein, Builder reserves all defenses and all rights and remedies, legal and equitable, available to it in any action brought by any Plaintiff or by Builder under this Decree, an Applicable Permit, the Clean Water Act, or any other federal or state statutes, regulations or rules. This Decree shall not be construed as a waiver of any defenses or remedies that Builder may have to any future alleged violations of an Applicable Permit, or of the federal and state laws and regulations governing an Applicable Permit.

73.    Not a Permit Modification. This Consent Decree is neither a permit, nor a modification of any permit, under any federal, state, or local laws or regulations, and this

61

Decree does not relieve Builder of its responsibilities to comply with all applicable federal, state, and local laws, regulations, and permits. The Federal and State Plaintiffs do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Builder's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Water Act, 33 U.S.C. §§ 1251-1387, or with any other provisions of federal, state, or local laws, regulations, or permits.

74. Third Parties. This Consent Decree does not limit or affect the rights of Builder or of the Federal and State Plaintiffs against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Builder, except as otherwise provided by law. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not a party to this Consent Decree.

75. No Admission. Builder does not admit any liability to the United States or the State Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

## XIII. COSTS

76. The Parties shall bear their own costs of this action, including attorneys' fees.

## XIV. NOTICES

77. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

To the Federal Plaintiff:

    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    Box 7611 Ben Franklin Station
    Washington, DC  20044-7611
    Re: DOJ Case No. 90-5-1-1-08332

    and

    Director, Water Enforcement Division
    Office of Enforcement and Compliance Assurance
    U.S. EPA
    Mail Code 2243A
    Room 3102
    1200 Pennsylvania Ave, NW
    Washington, DC 20460-00001

For Force Majeure and Modification Purposes Only:

    Everett Volk
    U.S. EPA
    Mail Code 2243A
    1200 Pennsylvania Ave, NW
    Washington, DC  20460-0001
    Phone: 202-564-2828
    Fax: 202-564-0018
    Email:  volk.everett@epa.gov

For SEP Submittals Only:

    Office of CWA Compliance (WTR-7)
    Water Division
    U.S. EPA, Region IX
    75 Hawthorne Street
    San Francisco, CA 94105

To the State of Colorado:

    Scott Klarich
    Enforcement Work Group Leader
    Colorado Department of Public Health and Environment
    Water Quality Control Division
    4300 Cherry Creek Drive, South, Bldg. B
    Denver, CO  80246-1530

63

To the State of Maryland:

> Principal Counsel
> Office of the Attorney General
> Maryland Department of the Environment
> 1800 Washington Boulevard
> Baltimore, MD  21230

> Chief
> Enforcement Division, Compliance Program
> Water Management Administration
> Maryland Department of the Environment
> 1800 Washington Boulevard
> Baltimore, MD  21230

To the State of Nevada:

> Janet Hess, Deputy Attorney General
> State of Nevada
> 100 N. Carson Street
> Carson City, NV  89701-4717

To the State of Tennessee:

> Elizabeth P. McCarter
> Office of the Tennessee Attorney General
> Environmental Division
> P. O. Box 20207
> Nashville, TN  37202

> E. Joseph Sanders
> General Counsel
> Tennessee Department of Environment and Conservation
> 20th Floor, L&C Tower
> 401 Church Street
> Nashville, TN  37243

To the Commonwealth of Virginia:

> Joseph H. Maroon
> Director
> Commonwealth of Virginia
> Department of Conservation and Recreation
> 203 Governor Street, Suite 302
> Richmond, VA  23219

64

Elizabeth Andrews
Assistant Attorney General
Commonwealth of Virginia
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

To Builder:

Office of General Counsel
Pulte Homes, Inc.
100 Bloomfield Hills Parkway, #300
Bloomfield Hills, MI 48304-2950

With a copy to:
Hunton & Williams LLP
1900 K Street, N.W.
Washington, DC 20006
ATTN: Virginia S. Albrecht
      Steven P. Solow

78.     Any Party may, by written notice to the other Parties, change its

designated notice recipient or notice address provided above.

79.     Notices provided pursuant to this Section will be deemed to have been

submitted: (1) on the Business Day sent if provided by facsimile; (2) on the date

postmarked if provided by mail; and (3) on the date picked up by the overnight delivery

service if provided by overnight delivery. The Parties may, by written mutual agreement,

provide for an alternative method of delivery of notice.

## XV.    EFFECTIVE DATE

80.     The Effective Date of this Consent Decree shall be the Date of Entry.

## XVI.    RETENTION OF JURISDICTION

81.     The Court shall retain jurisdiction over this case until termination of this

Consent Decree for the purpose of resolving disputes arising under this Decree or

65

entering orders modifying this Decree pursuant to Sections X (Dispute Resolution) and XVII (Modification), or effectuating or enforcing compliance with the terms of this Decree. The Court shall retain jurisdiction after termination only for the purposes set forth in Paragraph 89 below.

## XVII. MODIFICATION

82.    Except as otherwise set forth in Paragraph 83 below, the terms of this Consent Decree, including any attached appendices, may be modified by a written agreement signed by Builder and Federal Plaintiff (after consultation with State Plaintiffs) without approval of the Court.

83.    Any modification which constitutes a material change to the terms of the Consent Decree, including any material change to an Appendix, shall be effective only upon approval by the Court.

84.    Builder may propose minor modifications to the Appendices to this Consent Decree for the purposes of adding information, changing formatting as necessary to align the Appendices with an Applicable Permit or Builder's management needs, or adding or changing questions on the Storm Water Compliance Representative training tests, Appendices J (1) and (2), for purposes of improving the tests ("Minor Appendix Modification"). Builder may begin using a modified Appendix after submitting it to the OECA representative listed in Section XIV (Notices). If Federal Plaintiff determines that a Minor Appendix Modification does not comply with the terms of this Consent Decree, it shall notify Builder and provide a list of changes required to bring the submitted Appendix into compliance with this Decree. Builder has thirty (30) days after receipt of the list of changes to incorporate Federal Plaintiff's list of changes. The resulting

66

Appendix shall supersede the original form or report and be considered a minor modification.

85.    If a Site that meets the criteria articulated in Appendix M is inadvertently left off of Appendix M, Builder may submit, through the 60th day after lodging of the Consent Decree, a revised list with the additional Site(s) included. Any revised list shall be submitted for review to the OECA representative listed in Section XIV (Notices). If the Federal Plaintiff agrees, after consultation with the State Plaintiffs, that the revision to the list meets the criteria articulated in Appendix M, and if Builder and Federal Plaintiff sign a written agreement pursuant to Paragraph 82, the parties shall file a joint stipulation with the Court, seeking approval of the modified Appendix M and approval of the Court to amend Appendix A of the Complaint accordingly.

## XVIII. TERMINATION

86.    The following conditions ("Conditions of Termination") are the exclusive conditions for termination of this Decree and all of Builder's obligations hereunder. This Decree shall terminate under the procedures set forth in this Section when these Conditions of Termination have been met:

a.    the passing of three years since the Date of Entry ("the Third Anniversary");

b.    Builder has paid all civil penalties and related interest due under this Decree;

c.    Builder has paid all stipulated penalties and related interest demanded through the Third Anniversary by Federal Plaintiff under Paragraph 45, excluding any stipulated penalties or interest that are subject to Dispute

67

Resolution, as to which this Court shall retain jurisdiction under Paragraph 89, below;

    d.    Builder has established and implemented a management system designed to fulfill its obligations under Paragraphs 8, 11, 12, 13, 14, 15 and 16;

    e.    Builder has established and implemented a Training and Orientation Program designed to fulfill its obligations under Paragraphs 18, 19 and 20;

    f.    Builder has submitted all Lists of Sites required by Paragraph 9 as of the Third Anniversary;

    g.    Builder has acquired or applied for coverage under an Applicable Permit for all Sites existing as of the Third Anniversary;

    h.    Builder has submitted the Final SEP Completion Report required by Paragraph 33; and

    i.    Builder has submitted all National Reports required by Paragraph 17, including the National Compliance Summary Report submitted following the Third Anniversary.

87.    The following procedures for terminating this Decree shall govern (and the Parties intend that this process shall be resolved at the earliest possible time):

    a.    Any time subsequent to the date forty-five (45) days prior to the Third Anniversary, Builder may submit to Federal Plaintiff a proposed motion to terminate the Decree ("Proposed Motion"). The Proposed Motion shall include a draft certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the Conditions of Termination. Following receipt by Federal

Plaintiff of the Builder's Proposed Motion, Builder and Federal Plaintiff shall confer informally concerning the proposal and any disagreement that these parties may have as to whether Builder has met the Conditions of Termination.

b.      No sooner than forty-five (45) days after delivery of the Proposed Motion to Federal Plaintiff, Builder may file a motion to terminate this Decree. This motion shall contain a final certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the Conditions of Termination as of the date of the filing of the motion.

(i)      If the Federal Plaintiff, after consultation with the State Plaintiffs, agrees that the Conditions of Termination have been met, it shall join in the motion to terminate. In that event, the Court shall enter an order terminating this Decree effective as of the filing of said motion.

(ii)      If the Federal Plaintiff, after consultation with the State Plaintiffs, does not agree that the Conditions of Termination have been met, it shall serve its opposition to the motion in accordance with the local rules of the Court. Builder may reply in accordance with the local rules of the Court. If the Court finds based upon the preponderance of the evidence that Builder has met the Conditions of Termination, it shall order this Decree terminated effective as of the date of filing the motion to terminate.

(iii)      If Federal Plaintiff neither joins in the motion to terminate nor files a timely opposition, upon Builder's request the Court shall enter an order terminating the Decree effective as of the date of filing the

69

motion to terminate.

88.     If the initial motion to terminate is denied by the Court, one or more renewed motion(s) to terminate may be filed. The Court shall decide a renewed motion to terminate based on the Conditions of Termination set forth in Paragraph 86, reviewed for fulfilling the requirements as of the Third Anniversary date, except that if the Court has previously found that conditions 86.d. (management systems) and 86.e. (training and orientation programs) had not been met, then Builder's compliance with such unmet conditions shall be determined as of the date of filing of the renewed motion. If Builder has met the Conditions of Termination, the Court shall order this Decree terminated effective as of the date of filing of the renewed motion.

89.     After the Consent Decree has been terminated in accordance with Paragraphs 86-88, this Court shall retain jurisdiction over this Decree only for the following purposes:

a.     to resolve any dispute concerning unresolved matters subject to dispute resolution pursuant to Section X (Dispute Resolution);

b.     to resolve any enforcement action pending on the termination date under this Decree; and

c.     to resolve any outstanding stipulated penalties demanded and owing based on the National Compliance Summary Report submitted following the Third Anniversary,

provided that this Paragraph applies only to matters arising prior to termination: it does not authorize the reopening of this Decree or any extension of the compliance program imposed by this Decree.

70

## XIX.  PUBLIC PARTICIPATION

90.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The Federal Plaintiff reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Builder consents to entry of this Consent Decree, in its present form, without further notice and agrees not to withdraw from or oppose entry of this Consent Decree, in its present form, by the Court or to challenge any provision of the Decree, unless the Federal Plaintiff has notified Builder in writing that it no longer supports entry of the Decree.

## XX.  SIGNATORIES/SERVICE

91.     The undersigned representative of each Party certifies that he or she is authorized to execute this Consent Decree and to legally bind the Party he or she represents.

92.     This Consent Decree may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

93.     Builder agrees to waive summons and the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court and agrees to accept service of the complaint by mail.

## XXI.  INTEGRATION

94.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied

71

in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. Other than the Appendices, which are attached to and incorporated in this Decree, and deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree. The Parties further acknowledge that the Appendices may be modified pursuant to Section XVII (Modification).

## XXII. APPENDICES

95. The following appendices are attached to and incorporated into this Consent Decree:

Appendix A: Format for List of Projects and Sites.

Appendix B: Storm Water Pollution Prevention Plan (SWPPP) Format.

Appendix C: Storm Water Pre-Construction Review Form (SPR).

Appendix D: Site Inspection Report (SIR) and Division Site Inspection Report (Division SIR).

Appendix E: Quarterly Division Site Report (DSR).

Appendix F: Quarterly Division Wide Report (DWR).

Appendix G: National Compliance Summary Report.

Appendix H: Employee Storm Water Training Program.

Appendix I(1): Storm Water Compliance Representative Training.

Appendix I(2): Storm Water Compliance Representative Annual Refresher Training.

Appendix J(1): Storm Water Compliance Representative Certification Exam.

Appendix J(2): Storm Water Compliance Representative Annual Refresher Re-
Certification Exam.

Appendix K:    Listed Contractors.

Appendix L:    Trade Sheets.

Appendix M:    List of Sites Subject to Covenant Not to Sue.

Appendix N:    Quarterly Site Summary Report (SSR).

Appendix O:    National Storm Water Quality Program Assessment Program.

Appendix P:    Supplemental Environmental Project Description (SEP).

## XXIII. FINAL JUDGMENT

96.    Upon approval and entry of this Consent Decree by the Court, this
Consent Decree shall constitute a final judgment of the Court as to the Federal Plaintiff,
the State of Colorado, the State of Maryland, the State of Nevada, the State of Tennessee,
the Commonwealth of Virginia and Builder. The Court finds that there is no just reason
for delay and therefore enters this judgment as a final judgment under Federal Rules of
Civil Procedure 54 and 58.

IT IS HEREBY SO ORDERED this _____ day of _____,
2008.

_____/s/_____
James C. Cacheris
United States District Judge

73

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Ave., NW
Room 2603
Washington, DC  20530
202-514-2701
202-514-0557 (fax)
Ronald.Tenpas@usdoj.gov

JAMES D. FREEMAN
CHRISTY KING-GILMORE
Trial Attorneys
Environmental Enforcement Section
United States Department of Justice
1961 Stout Street
8th Floor
Denver, CO 80294
303-844-1489
303-844-1350 (fax)
James.Freeman2@usdoj.gov

CHUCK ROSENBERG
United States Attorney

By

GERARD MENE
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3777
703-299-3983 (fax)
Gerard.Mene@usdoj.gov

74

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA
(Continued):


GRANTA Y. NAKAYAMA
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Suite 3204
Washington, DC 20460
202-564-2440
202-501-3842 (fax)
nakayama.grant@epa.gov


EVERETT E. VOLK
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
MC 2243A Room 3120
Washington, DC 20460
202-564-2828
202-564-0018 (fax)
volk.everett@epa.gov

75

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA
(Continued):

DONALD S. WELSH
Regional Administrator
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA  19103-2029
215-814-2900
215-814-2901 (fax)
welsh.donald@epa.gov

WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA  19103-2029
215-814-2626
215-814-2603 (fax)
early.william@epa.gov

76

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA
(Continued):

BHARAT MATHUR
Acting Regional Administrator
U.S. Environmental Protection Agency, Region V
77 West Jackson Boulevard
Mail Code: R-19J
Chicago, IL 60604-3507
312-886-3000
312-353-1120 (fax)
mathur.bharat@epa.gov

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v.

Pulte Homes, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA
(Continued):

WAYNE NASTRI
Regional Administrator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105
415-947-8702
415-947-3588 (fax)
nastri.wayne@epa.gov

78

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v.

Pulte Homes, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE STATE OF COLORADO:

JOHN W. SUTHERS
Attorney General of Colorado

WILLIAM C. ALLISON, V
First Assistant Attorney General
Environmental Quality Unit
Natural Resources and Environment Section
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, CO  80203
303-866-4500
303-866-3558 (fax)
william.allison@state.co.us

79

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE STATE OF MARYLAND:

DOUGLAS F. GANSLER
Attorney General of Maryland

JENNIFER L. WAZENSKI
Assistant Attorney General
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
410-537-3058
410-537-3943 (fax)
jwazenski@mde.state.md.us

80

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE STATE OF NEVADA:

CATHERINE CORTEZ MASTO
Attorney General of Nevada


JANET HESS
Deputy Attorney General
State of Nevada
100 N. Carson St.
Carson City, NV 89701
775-684-1270
775-684-1108 (fax)
jhess@ag.nv.gov

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v.

Pulte Homes, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE STATE OF TENNESSEE:

ROBERT E. COOPER, JR.
Attorney General of Tennessee

ELIZABETH P. McCARTER
Senior Counsel
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202
615-532-2582
615-741-8724 (fax)
lisa.mccarter@state.tn.us

82

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v.

Pulte Homes, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE COMMONWEALTH OF VIRGINIA:

ROBERT F. McDONNELL
Attorney General
Commonwealth of Virginia

ELIZABETH A. ANDREWS
Assistant Attorney General
Commonwealth of Virginia
900 E. Main Street
Richmond, VA 23219
804-786-6957
804-786-0034 (fax)
eandrews@oag.state.va.us

83

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States et al. v.</u>

<u>Pulte Homes, Inc.</u>

FOR PULTE HOMES, INC.:

STEVEN M. COOK
Vice President, General Counsel and Secretary
Pulte Homes, Inc.
100 Bloomfield Hills Parkway #300
Bloomfield Hills, MI 48304-2950
248-433-4623
248-433-4595 (fax)
steve.cook@pulte.com

Agent Authorized to Accept Service on Behalf of
Above-Signed Party:

PHILIP H. DARROW
Counsel, Active Adult Development and
Environmental
Pulte Homes, Inc.
1901 N. Roselle Road, Suite 1000
Schaumburg, IL 60195
847-230-5288
847-230-5435 (fax)
phil.darrow@pulte.com

84